SENECA, The (DAVIS v.). See Cases Nos. 3,650 and 3,651.

SENECA, The (UNITED STATES v.). See Case No. 16,251.

SERAT (SANDERSON v.). See Case No. 12,-300.

SERPENT, The (FRENCH v.). See Case No. 5,103a.

———

## Case No. 12,671.

### SERRELL v. COLLINS et al.

[4 Blatchf. 61.] [1]

Circuit Court, S. D. New York. June 30, 1857.

PATENTS—PROVISIONAL INJUNCTION—RIGHT NEVER ESTABLISHED—CONDITIONS.

1. Where, on an application for a provisional injunction, to restrain the infringement of letters patent, it appeared that the right of the plaintiff to the invention patented had never been established at law, that the plaintiff had twice failed to establish his right, on trials at law, that the defendant attacked the novelty of the invention, and claimed a right to use it on other grounds, and that the plaintiff's right had not been acquiesced in by the public, the court denied the application.

2. But the court made an order requiring the defendant to be ready to try, at the next term, an action at law pending against him on the patent, and providing that, if he should not be so ready, an injunction should then issue, as prayed for.

This was an application for a provisional injunction. The plaintiff [Alfred T. Serrell] claimed to be the first inventor of a new improvement in machinery for making mouldings, for which he obtained letters patent [No. 5,575], dated May 16, 1848. That patent was surrendered, and a reissued one obtained, dated January 7, 1851 [No. 187]. The last-mentioned patent was also surrendered, and a new reissued one was obtained, dated June 21, 1853 [No. 243]. The bill set forth, that the defendants [Denmark P. Collins and Abijah Pell] were violating the rights secured to the plaintiff by the patent, and prayed for an injunction. The novelty of the invention was attacked by the defendants, and they also claimed a right to use the invention described in the patent, on various other grounds.

George Gifford, for plaintiff.
Charles M. Keller, for defendants.

INGERSOLL, District Judge. The right of the plaintiff to the invention patented has never been established at law. An action is pending before this court, on the law side thereof, in favor of the plaintiff, against the defendants, in which the validity of the patent is to be contested and tried. It was expected that that action at law would have been tried at

the present term of the court, but it has gone over to the next term, when it will be tried. At the early part of the term, the defendants were ready to try it; but, during the term, in consequence of a fire which took place, by which some of the evidence relied on by the defendants, to establish their defence, was lost and destroyed, it became necessary to have the trial postponed. The rights of the plaintiff under the patent have not been acquiesced in by the public. Others besides the defendants contest those rights and insist that the plaintiff has no rights under the patent. Under these circumstances, the plaintiff must make out a case clear of all doubt, to authorize the court to grant the injunction prayed for. Such a case has not been made out. It seems that, under the first patent, and also under the first reissued one, the plaintiff failed to establish his right, when the question was tried at law. Without intimating what my opinion would be, on the proofs as exhibited, if the case were now on the final hearing, I must deny the present motion. But, while I deny it, I will make an order requiring the defendants to be ready to try the action at law pending against them in this court, at the next term thereof, whenever the same shall be called, and providing that, if they are not so ready, an injunction shall then issue against them, as prayed for.

[NOTE. An action at law was accordingly tried, when the jury found for the plaintiff, with $2,000 damages. Case No. 12,672.]